*F. F. Hargis, J. P. Norvell, for appellants.*

*Ross & Kennedy, for appellee.*

---

E. SMOCK, ETC., *v.* L. SMOCK.

**Wills—Construction.**

In ascertaining the intention of the testator, the court must take into consideration both the will and codicil as one paper and give force and effect, if possible to every word contained in both instruments.

**Wills—Construction.**

In construing a will the court has the right to take into consideration the obligation resting upon the testator, by reason of antenuptial agreement, as to the rights the testator and his wife have in the property of each other.

**Wills—Estate devised.**

A devise held to convey to the testator's widow a life estate with power of disposition of the property by the life tenant.

**Wills—Codicil—Effect.**

A codicil was held to have been made to make good a deficit in the lands devised to the testator's wife caused by the subsequent sale of a portion of the land, and not to change or enlarge the estate he would otherwise take.

'APPEAL FROM MARION CIRCUIT COURT.'

February 20, 1873.

OPINION BY JUDGE LINDSAY:

It is claimed as well by the appellants as by the appellee, that the latter took under the will of John Smock, deceased, a fee simple title to the lands devised to her, and also the absolute title to the personalty. The circuit court concurring with the litigants as to the proper construction of said will set aside the contract of sale from Mrs. Smock to Elbert Smock, and from this judgment Elbert and Wm. Smock appeal.

The language of the will so far as it relates to the devise to Mrs. Smock, is as follows:

Item 1st. "I will to my wife the land in the following boundary * * * including the houses and thirty-foot road round Riggs' fence and to run above the rocks so as to give a good road, and it is never to be stopt her life time and the privilege of fuel wood and timber out in them woods when she pleases, and negro woman Beck and as much of the stock as she may want and what household furniture she may want if it is all."

Item 3d. "The balance of the land may be sold or rented as the children may think best, till my wife's death and all sold and everything she leaves and equally divided with all my children," etc. Having sold a small portion of the land set apart by the will for Mrs. Smock, the testator added the following codicil: "I will to my wife the land in the following boundary * * *. I will her also all the crops that may be on hand at my death."

This codicil must be treated, not as a revocation of, but as an addition to the will, somewhat changing its terms, but only to the extent that it is necessarily inconsistent therewith. In ascertaining the intention of the testator we must consider the will and codicil as one paper, and give force and effect if possible to each and every word contained in both. We have a right also to consider the obligation resting upon the testator by reason of the antenuptial agreement between himself and wife, as to the rights each was to have in the property of the other.

The language of the first clause of the will and of the codicil would undoubtedly invest Mrs. Smock with an absolute title to the estate devised to her, but the third clause shows unmistakably that

it was intended that at the death of Mrs. Smock, all the testator's land, and everything of which he died seized, not disposed of by her should be sold and the proceeds equally divided among all his children. If Mrs. Smock took the fee in the lands, this provision would be utterly nugatory. Nothing could result from it. She might by will or devise defeat the testator's clearly expressed intention, and if she did not, her heirs at law would take under the law of descent, and therefore some of the testator's children would get nothing.

We are of opinion that the testator by the codicil intended only to make good the deficit in the lands first given to his wife, caused by the subsequent sale of a portion of it, and not to change or in any way enlarge the estate she would take.

It results therefore that Mrs. Smock was not mistaken as to the estate taken by her under her husband's will at the time she sold to Elbert Smock, and although he may have fraudulently concealed from her the fact that he regarded her said estate as absolute and unqualified, yet inasmuch as he was the party who was mistaken, no injury resulted to her from such fraud. It is not pretended that the price agreed to be paid was not reasonably adequate upon the assumption that Mrs. Smock was a mere life tenant. She was therefore entitled to no relief.

Judgment reversed and cause remanded with instruction to dismiss her petition, leaving her contract of sale to Elbert Smock in force.

*W. B. Harrison, Rodman, for appellants.*

*Noble, for appellees.*

